23CA2129 Sisters v ACM 09-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2129
City and County of Denver District Court No. 22CV31321
Honorable Martin F. Egelhoff, Judge

Sisters of Color United for Education, d/b/a HEAL Denver, a Colorado nonprofit corporation,

Plaintiff-Appellee,

v.

ACM Park Hill JV VII, LLC, a Delaware limited liability company,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE SCHUTZ
Tow and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

Achieve Law Group, LLC, Aaron A. Boschee, Jerome A. DeHerrera, Benjamin P. Meade, Denver, Colorado, for Plaintiff-Appellee

Holley, Albertson & Polk, P.C., Dennis B. Polk, Eric E. Torgersen, Lakewood, Colorado, for Defendant-Appellant

¶ 1      Defendant, ACM Park Hill JV VII, LLC (ACM), appeals the trial court's orders granting plaintiff, Sisters of Color United for Education, d/b/a HEAL Denver (Sisters of Color), costs and prejudgment interest. We affirm the awards of both costs and prejudgment interest.

## I.    Background

¶ 2      Sisters of Color entered into a lease with ACM, which included Sisters of Color paying for the construction of substantial improvements to the leased property.[1] In a separate appeal, Case No. 23CA1785, we set forth the circumstances surrounding the parties' dispute and affirm the trial court's judgment in favor of Sisters of Color on its unjust enrichment claim.

¶ 3      After entering judgment, the trial court awarded Sisters of Color its reasonable costs incurred in litigation and prejudgment interest. ACM appeals both awards.

---

[1] Holleran Property Management & Development, LLC was also a defendant at trial. Holleran does not appeal the lower court's orders.

## II. Analysis

¶ 4     Sisters of Color timely sought an award of costs under section 13-16-104, C.R.S. 2024, and C.R.C.P. 54(d).  Sisters of Color also sought a prejudgment interest award under section 5-12-102(1), C.R.S. 2024.  ACM did not respond to either motion.

¶ 5     The trial court awarded Sisters of Color $25,801.61 in costs and $36,903.07 in prejudgment interest.  The sole basis of ACM's challenge to both awards is its contention that if we reverse the trial court's entry of judgment on the unjust enrichment claim, then Sisters of Color will no longer be the prevailing party and hence without a legal basis to recover costs and prejudgment interest.

¶ 6     C.R.C.P. 54(d) provides that "reasonable costs shall be allowed as of course to the prevailing party."  Section 5-12-102(1)(a) allows for the award of prejudgment interest and controls in a claim that does not involve a personal injury.  *M.G. Dyess, Inc. v. MarkWest Liberty Midstream & Res., LLC*, 2022 COA 108, ¶ 36.

¶ 7     The court awarded Sisters of Color costs and prejudgment interest because it prevailed on its unjust enrichment claim.  ACM does not contend that the trial court awarded Sisters of Color an

unreasonable amount of costs or that it miscalculated prejudgment interest.

¶ 8     We agree with ACM that if the underlying judgment in Case No. 23CA1785 had been reversed, then the award of costs and prejudgment interest would also need to be reversed. However, we have affirmed the trial court's order in Case No. 23CA1785. Therefore, ACM has asserted no grounds for overturning the trial court's order.

## III.    Disposition

¶ 9     We affirm the trial court's orders awarding Sisters of Color costs and prejudgment interest.

JUDGE TOW and JUDGE PAWAR concur.